UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| SHERMAN WASHINGTON, #207519, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:16-cv-684 |
| v. | ) ) | Honorable Paul L. Maloney |
| BOB DAVIS, et al., | ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) ) ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983, Plaintiff is an inmate at the Adrian Regional Correctional Facility. (ECF No. 28). Plaintiff's complaint stems from mental health treatment he received at the Richard A. Handlon Correctional Facility (MTU) between May 3, 2016, and May 17, 2016. Plaintiff named three mental health care professionals as defendants: Social Worker Bob Davis, Psychiatrist Michael Karluk, and Psychologist Jackie Williams. Plaintiff alleges that Social Worker Davis "initiated a paneling process in order to get [plaintiff] to take medication" that plaintiff believes that he does not need. (ECF No. 1, PageID.3). Plaintiff alleges that Dr. Karluk made a determination recommending that plaintiff be "paneled" (involuntarily receive antipsychotic medication) "based on mischaracterized facts and half truths (things other psychiatrist said [plaintiff] did or said)." (*Id.*). Plaintiff alleges that on May 12, 2016, Psychologist Williams told "Panel Members" that he did not want to attend the hearing on whether

plaintiff should receive involuntary treatment with antipsychotic medication when plaintiff actually "wanted to attend" the hearing, and plaintiff received an involuntary injections of antipsychotic medication on May 12 and 17, 2016. Plaintiff seeks an award of damages and an injunction preventing the Community Mental Health Program from providing him with medication for his mental illness. (*Id.* at PageID.5).

The matter is before the Court on defendants' motions motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (ECF No. 24, 27). Plaintiff has filed his response. (ECF No. 28). For the reasons set forth herein, I recommend that defendants' motions for summary judgment be granted and that all plaintiff's claims against defendants be dismissed.

**I.    Applicable Standards**

A.    Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of her pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Werner*, No. 16-1876, __ F. App'x __, 2017 WL 384874, at * 4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

    B.    <u>Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies</u>

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison

conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable

procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a). The procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[1] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to

---

[1] A copy of the policy directive is found in the record. *See* ECF No. 25-2, PageID.178-84.

file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

    C.    <u>Facts</u>

The following facts are beyond genuine issue. Plaintiff was an inmate in the custody of the Michigan Department of Corrections (MDOC) at all times relevant to his complaint. He is currently an inmate at the Adrian Regional Correctional Facility. (ECF No. 28). During the relevant time period in May 2016, plaintiff was an inmate at the Richard A. Handlon Correctional Facility (MTU).

On or about May 3, 2016, plaintiff received a notice of a May 12, 2016, hearing before the Hearing Committee of the Corrections Mental Health Programs. (ECF No. 1-1, PageID.9-10). Bob Davis, a licensed social worker, was the author of the notice to plaintiff that he was being considered for an involuntary treatment order because he was refusing to take his antipsychotic medications on a voluntary basis. Plaintiff was "psychotic, with prominent paranoid delusions" and his judgment was impaired. Davis indicated that plaintiff's diagnosis was as follows: Axis I, Schizophrenic Disorder, Paranoid (295.30), Alcohol Dependence (303.90), Cannabis Dependence (304.30); and

Axis II, Personality Disorder, NOS (301.9). (*Id.* at PageID.10). Based on his interview with plaintiff and his review of plaintiff's medical record, Davis "strongly recommended" that plaintiff be provided an involuntary treatment order. (*Id.*).

On May 5, 2016, Psychiatrist Michael Karluk gave plaintiff a comprehensive psychiatric examination. (ECF No. 1-1, PageID.15-17). Dr. Karluk offered a diagnosis of "Psychotic Disorder NOS and Polysubstance Dependence." (*Id.* at PageID.16). Among other things, Dr. Karluk noted as follows: "Washington has consistently complained of bizarre delusions of thought broadcasting that enables others to read his mind, auditory hallucinations, and the bizarre grandiose delusions that he can communicate telepathically with 'superstar' celebrities causing them to appear to him. He has shown an increasing tendency over time to report being suicidal or committing disciplinary infractions to secure transfer to segregation, where he feels safe from paranoid conspiracies against him by inmates and custody staff." (*Id.* at PageID.15). Dr. Karluk also completed a Physician's Certificate which provides a summary of plaintiff's mental health problems, the results of the mental status examination and the basis for the psychiatrist's findings that plaintiff was mentally ill and that illness significantly impaired his judgment, significantly impaired his behavior, significantly impaired his capacity to recognize reality, and significantly impaired with his ability to cope with ordinary demands of life. (*Id.* at PageID.11-14). Dr. Karluk recommended the involuntary initiation of treatment with a long-acting antipsychotic medication to address plaintiff's paranoid and bizarre delusions and possibly provide mood stabilization. He recommended the intramuscular injectable form of medication given

plaintiff's "extensive history of non-adherence to pharmacotherapy and psychotherapy, as well as his extremely poor insight and defendedness against having a mental illness."  (*Id.* at PageID.16).  Further, he recommended the addition of non-antipsychotic mood stabilizing medications that might also optimize treatment and permit the clarification of plaintiff's diagnosis if he was able to remain functional and stable while his antipsychotic medication was slowly tapered.  (*Id.*).

Plaintiff did not pursue any grievance corresponding to his allegations against defendants and pursue such grievances through a Step III decision before filing this lawsuit.  (ECF No. 25-3, PageID.186-93; ECF No. 25-4, PageID.195-219).

In response to defendants' motions, plaintiff filed four Step I grievance forms with the Court.  Date notations of April 14 and May 9, 12, and 18, 2016, appear on those papers. (ECF No. 28-2, PageID.236-39).  There is no evidence that any of these grievances were filled, much less pursued through a Step III decision before plaintiff filed this lawsuit.[2]

    D.    <u>Discussion</u>

---

[2]Plaintiff's complaint is not verified under penalty of perjury such that it could be considered as his affidavit in opposition to defendants' motion for summary judgment.  (*see* ECF No. 1, PageID.5).  Plaintiff did not file an unsworn declaration under penalty of perjury as authorized under 28 U.S.C. § 1746 or an affidavit in opposition to defendants' motions for summary judgment.  It is well established that statements appearing in a party's brief are not evidence.  *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006); *Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at * 1 (W.D. Mich. Mar. 30, 2017).  Thus, plaintiff's has provided no evidence in support of his arguments that he filed the grievances and that the prison's grievance coordinator "is to blame" for plaintiff's failure to exhaust his available administrative remedies.  (Plaintiff's Brief at 1-7, ECF No. 28, PageID.226-32).

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not file any grievance against defendants corresponding to the claims remaining in this lawsuit. Plaintiff did not properly exhaust his claims against defendants before he filed this lawsuit. I find that defendants have carried their burden on the affirmative defense and are entitled to dismissal of all plaintiff's claims.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that defendants' motions for summary judgment (ECF No. 24, 27) be granted and that judgment be entered dismissing all plaintiff's claims against defendants without prejudice.

Dated:   June 20, 2017          /s/  Phillip J. Green
                                United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).