UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sherman Lance Washington,   )
    Plaintiff,   )
       )   No. 1:16-cv-684
-v-   )
       )   HONORABLE PAUL L. MALONEY
Bob Davis, et al.,   )
    Defendants.   )
       )

### ORDER OVERRULING OBJECTION AND
### ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's objection to Magistrate Judge Phillip J. Green's Report and Recommendation concerning Defendants' motion for summary judgment. (ECF No. 30 at PageID.242.)

On June 6, 2016, Plaintiff Sherman Washington initiated the present action, under 42 U.S.C. § 1983, against Defendants and medical professionals Bob Davis, Michael Karluk, and Jackie Williams. (ECF No. 1.) On April 25, 2017, Defendants moved for summary judgment on the basis of exhaustion. (ECF No. 24.) On June 20, 2017, the Magistrate Judge recommended the Court grant Defendants' motion because Plaintiff had submitted "no evidence that any of the[] grievances were filed, much less pursued through a Step III decision before plaintiff filed this lawsuit." (ECF No. 30 at PageID.250.)

#### Statement of Facts

Plaintiff takes no issue with the facts laid out in the R&R. Since Plaintiff only lodges an objection against a legal conclusion by the Magistrate Judge—that Plaintiff submitted insufficient evidence that he filed grievances—the Court otherwise adopts the Magistrate Judge's summary of the procedural history and facts. (ECF No. 30 at PageID.248–50.)

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Plaintiff's objection misses the mark. He merely repeats his "allegations that the MTU Grievance Coordinator did not acknowledge his grievances," and cites to case law providing that prisoners under rare circumstances can be said to have exhausted all "available" remedies when the prison officials did not acknowledge or consider any grievance. *See, e.g., Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). But, he does nothing to address *why* the Magistrate Judge found his *allegations* insufficient at the *summary judgment* stage: "[P]laintiff has provided no

2

evidence in support of his arguments that he filed the grievances and that the prison's grievance coordinator 'is to blame' for plaintiff's failure to exhaust his available administrative remedies." (ECF No. 30 at PageID.250 n.2.)

While Plaintiff once again points to the fact that he submitted copies of grievances with date notations, the Magistrate Judge found he presented no admissible evidence supporting "that any of these grievances were *filed,* much less pursued through a Step III decision before plaintiff filed this lawsuit." (*Id.* at PageID.250 (emphasis added).) The complaint was not verified and no declarations or affidavits were attached to Plaintiff's response to the motion for summary judgment. (*Id.* at n.2.) Statements in Plaintiff's brief were not sufficient to consider as evidence. (*Id.*) Mere allegations were insufficient at the summary-judgment stage. (*See id.*)

Therefore, Plaintiff's **OBJECTION** is **OVERRULED**. (ECF No. 31.) The Magistrate Judge's Report and Recommendation is **ADOPTED IN FULL**. (ECF No. 30.)

The Court concludes any appeal of this matter would not be taken in good faith because no jurist would disagree that Plaintiff did not present any evidence of an admissible character sufficient to defeat Defendants' affirmative defense at the summary-judgment stage. *See McGore v. Wrigglesworth,* 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Judgment will enter separately.

**IT IS SO ORDERED.**

**Date:**  June 14, 2017                                             /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge